UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20044-CR-LENARD/GARBER

UNITED STATES OF AMERICA,

v.

JUAN RENE CARO, JR., and
MAYTEMAR CORPORATION,
d/b/a "LA BAMBA CHECK CASHING,"

        Defendants.
_____/

OMAR BAKOS, AS STUTTGART
COLLISION INC.'S LAST OFFICER,
DIRECTOR AND AGENT,

        Petitioner/Claimant.
_____/

**REPORT AND RECOMMENDATION THAT PRELIMINARY ORDER
OF FORFEITURE, WITH RESPECT TO THIRD PARTY CLAIM BY
OMAR BAKOS, NOT BE MODIFIED**

THIS CAUSE is before the Court by Order of Reference from United States District Judge

Joan A. Lenard.  Pursuant to such reference, the Court has reviewed the record, including the written

and oral arguments made by counsel for the United States and counsel for Omar Bakos, in this

matter.

**FACTUAL BACKGROUND**

Defendants were charged in a multi-count indictment [DE #4] and multi-count superseding

indictment [DE #140] of conspiring to evade the reporting requirements of 31 U.S.C. § 5313, of

conspiring to cause the filing of false reports in violation of 31 U.S.C. § 5324, of causing and

attempting to cause the filing of false currency transaction reports, and of filing false currency transaction reports.  Defendants engaged in their conspiratorial activities beginning in or around August, 2005 through the date of indictment, January 17, 2008.

Defendants Caro and Maytemar were convicted of the charged conspiracy as well as all, but two each, of the substantive allegations [DE ## 383, 384].  Thereafter, defendants waived jury trial as to the forfeiture issue [DE ##404, 405] and the Court entered a Preliminary Order of Forfeiture pursuant to 31 U.S.C. § 5317(c)[1] [DE #406].  As part of that Preliminary Order of Forfeiture, the Court directed forfeiture of defendants' interest in various properties, including the real property located at 3149 SW 38th Court and 3183 SW 38th Court, Miami, Florida, hereinafter, "the property."

On April 29, 2009, claimant, Omar Bakos, Stuttgart Collision's Last Officer, Director and Agent, hereinafter referred to as "Bakos," filed a notice of claim and a petition for hearing, asserting that Stuttgart's  interest in the real properties located at  3149 SW 38th Court and 3183 SW 38th Court, Miami, Florida, is superior to that of defendant Caro's [DE #436].  Bakos fashioned the claim solely under 21 U.S.C. § 853(n)(6)(A) claiming a superior right, title or interest to the forfeited property [DE #436].  In support of his claim, Bakos submitted two documents recorded almost three years apart: (a) a Warranty Deed dated July 27, 2006, between Stuttgart Collision, Inc. and 3291 Gables, LLC[2]; and (b) a Claim of Lien dated March 16, 2009.  The Warranty Deed consists of three

---

[1]Title 31, United States Code, Section 5317(c)(1)(A) provides that "in imposing sentence for any violation of section 5313, 5316 or 5324 of this title, or any conspiracy to commit such violation, [the court] shall order the defendant to forfeit all property, real or personal, involved in the offense and any property traceable thereto."  The procedures established at 21 U.S.C. § 853 apply to forfeitures ordered pursuant to 31 U.S.C. §5317(c )(1).

[2]J.R.C. Enterprises Company, is the principal of the 3291 Corporation and defendant Juan Rene Caro, Jr., is the principal of J.R.C. Enterprises Company.

pages (recitations and transfer between grantor and grantee [DE #436, p. 9]; notary signature page [DE #436, p. 10]; and legal description [DE #436, p. 11]) and was recorded on July 28, 2006.  The Claim of Lien also consists of three pages (the claim [DE #436, p. 14]; the "agreement" [DE #436, p. 15]; and the legal description [DE #436, p. 16]) and was recorded on March 17, 2009.  While the agreement is dated July 27, 2006, it was not recorded until March 17, 2009.

The agreement indicates, among other things, that "Buyer wishes to purchase the property and Seller wishes to sell the property to Buyer," that  "JRC holds two existing mortgages on the property" and that "Seller is agreeable to give Buyer a Warranty Deed for the property and will not receive any present compensation."  The agreement also indicates that, under certain conditions, specifically the sale of the subject property at a net gain, Buyer will pay Bakos 30% of the net gain [DE #436, p. 15].   The agreement does not either expressly or impliedly reserve any right of the Seller in the property.

Bakos alleges, because of the previously unrecorded agreement" [DE #436, p. 15], he has a superior interest in the property in question.  Bakos alleges that he was the original owner of the property, as of 2001 [DE #487, p. 3], and that he has maintained his interest in the property, which interest has never ceased to exist [DE #487, p. 4].  The United States disputes that Bakos has maintained any legally cognizable interest in the forfeited property and asserts that Bakos' interest, if any, is in the proceeds of the sale of the property [DE #469, p.5].

## CONCLUSIONS AND RECOMMENDATIONS

There are only two basic grounds for recovery in an ancillary proceeding such as the one before the Court: 21 U.S.C. § 853(n)(6)(A) and (n)(6)(B). *United States v. Soreide*, 461 F.3d 1351,

1354 (11th Cir. 2006)("third party petitioners can establish their interest in forfeited property in only two ways.").

Title 21, United States Code, Section 853(n) provides in relevant part as follows:

> (6) If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that –
>
> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section;[3] or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
>
> the court shall amend the order of forfeiture in accordance with its determination.

Title 21, United States Code, Section 853(n).

Section 853(n) allows a third party to defeat the government's claim to forfeited property by establishing that the third party has an interest in the property *and* (1) the interest was vested in the third party rather than the defendant; *or* (2) the interest of the third party is superior to that of the defendant's; *or* (3) by demonstrating that the third party was a *bona fide* purchaser of the property for value without reasonable cause to believe that the property was subject to forfeiture at the time of the purchase.

---

[3]There are two parts to 21 U.S.C. § 853(n)(6)(A): that the property interest was vested in the third party rather than the defendant or that the third party's property interest is superior to that of the defendant's.

**A.      Claimant Has No Interest In The Property**

Any analysis of whether a third party, such as Bakos, can cause a forfeiture order to be amended, begins with a review of what property interest, if any,  the third party has in the property. The third party's interest in the property is determined under state law, while federal law determines whether those property interests are forfeitable.  *United States v. Fleet*, 498 F.3d 1225, 1231 (11th Cir. 2007); *United States v. Kennedy*, 201 F.3d 1324, 1334 (11th Cir. 2000)(the interest a claimant has in property is a matter of state law; consequences of that interest, *i.e.*, whether that interest is subject to forfeiture or results in judgment in favor of claimant in the ancillary proceeding, is a question of federal law).

No Florida statute supports claimant's position that he has a vested interest in the property, itself. Even a generous reading of the Warranty Deed, reveals that Bakos sold the property outright ("...grantor ...has granted, bargained and sold to the said grantee...and assigns forever, the following described land...and said grantor does hereby fully warrant the title to said land...")[DE #436, p.9]. An outright sale is supported by the agreement, which states:  "Buyer wishes to purchase the property and Seller wishes to sell the property to Buyer")[DE #436, p.9].  Bakos intended to sell the property, in its entirety, without reservation.[4]    Bakos merely deferred his compensation, if any, for the sale. ("Seller is agreeable to give Buyer a Warranty Deed for the property and will not receive any present compensation" and Seller's compensation is 30% of any net gain made on any sale [DE #436, p. 15]).

Claimant,  who bears the burden of proof by a preponderance of the evidence, *United States v. Gilbert*, 244 F.3d 888, 911 (11th Cir. 2001), has not demonstrated, that he has an interest in the

_____

[4]The Court also notes that Bakos did not take out yet another mortgage with JRC, which already held two mortgages on the property.  This time, a Warranty Deed was granted.

property located at 3149 SW 38th Court and 3183 SW 38th Court, Miami, Florida. His interest is in proceeds, specifically 30% of the net gain on sale, not in the real property itself.

**B.    Any Property Interest Is Not Vested In Claimant Rather Than Defendant Nor Does Claimant Have An Interest Superior To The Defendant's**

Even assuming that claimant has an actual interest in the forfeited property, which he does not, Bakos cannot establish that his alleged interest was vested in him, rather than the defendant; *or* that his interest is superior to that of the defendant. *United States v. Shefton*, 548 F.3d 1360, 1364 (11th Cir. 2008).

Claimant does not demonstrate that he, not Caro, owns the property, or even a portion thereof. Claimant does not delineate what portion of the property belongs to defendant Caro. Contrary to claimant's position, defendant Caro asserts that Caro is the sole owner of the property in question [DE #404, attachment -but note attachment not of record]. Claimant's interest is neither vested nor superior to defendant Caro's interest. Claimant's "interest" is totally dependent upon defendant Caro selling the property and obtaining a net gain in excess of approximately $3.5 million. Therefore, claimant's "interest" is inferior to the interest of Caro.

Having sold the properties in July 2006, claimant cannot demonstrate that he had an interest at the time of the acts which gave rise to forfeiture. Defendant acquired his interest in the real properties at least as early as July 27, 2006, the date of the Warranty Deed [DE #436, pp. 9-11]. Furthermore, by operation of the "relation back doctrine,"codified at 21 U.S.C. § 853(c), the government's interest in the property vests at the time of the act giving rise to forfeiture. *See United States v. Carmichael*, 419 F. Supp.2d 1376 (M.D. Ala. 2006)(government's interest vests when the crime giving rise to the forfeiture begins, not when it ends; third party who acquired lien on property

-6-

while the crime was in progress cannot prevail under section 853(n)(6)(A)).  The earliest of defendant's acts giving rise to forfeiture were in August 2005.  Therefore, the government acquired its interest in the properties in August 2005.   Claimant did not have an "interest" in the real properties at the time of defendant's acts giving rise to forfeiture.  *United States v. Carrie*, 206 Fed. Appx. 920-922-23 (11th Cir. 2006); *United States v. Kennedy*, 201 F.3d 1324, 1331 (11th Cir. 2000)(property was involved in the crime before wife's interest came into being).

In addition, claimant could not be successful against any other creditor or purchaser of the property by virtue of the "interest" created by the agreement [DE # 436, p.15].  Under the Florida Recording Act, Fla. Stat. §§ 695.01-695.26, a conveyance, transfer or mortgage of an interest in real estate must be properly recorded in order to be effectual against the conflicting claims of creditors and subsequent purchasers for value and without notice of the prior claim.  If an instrument affecting an interest in property is not recorded, a subsequent creditor takes his or her interest free of the prior interest, unless the creditor or purchaser had notice of the prior interest.   Fla. Stat. § 695.01.  Presuming the agreement [DE #435, p. 15] affects an interest in property, the agreement was not recorded until March 17, 2009, a time well after the United States came into possession of the property by virtue of the 'relation back' doctrine.   The United States takes free of any purported prior interest, as would any other creditor or purchaser.

As claimant utterly fails to demonstrate an interest in the forfeited properties, which existed prior to defendant's interest and which is superior to defendant's interest, claimant's challenge to the Preliminary Order of Forfeiture, pursuant to 21 U.S.C. § 853(n)(6)(A), fails.  The Preliminary Order of Forfeiture should not be amended.

**C.      Claimant Is Not A Bona Fide Purchaser For Value Without Reason To Know Of The Forfeitability Of The Property**

Claimant raises the § 853(n)(6)(B) defense to forfeiture, for the first time in June 2009. Claimant did not raise that defense as part of his original notice and claim [DE #436]. Claimant is barred from asserting this, otherwise unavailing, defense. *United States v. Soreide*, 461 F.3d 1351, 1355 (11th Cir. 2006)(once thirty day period for filing claim expires, petitioner may not amend claim to assert alternative grounds of recovery).

Even presuming claimant is not barred from asserting this defense, claimant cannot meet the three elements of 21 U.S.C. § 853(n)(6)(B) that: (1) there must be a legal interest in the property; (2) the interest was acquired as a bona fide purchaser for value; and (3) the interest was acquired at a time when the claimant was reasonably without cause to believe that the property was subject to forfeiture. *See United States v. Soreide*, 461 F.3d.1351, 54-55 (11th Cir. 2006).

As discussed above, claimant does not have an interest in the forfeited property; his only "interest," if any, is to proceeds from the sale of the properties. Claimant does not have even bare legal title to the forfeited  property in question.[5] His claim must be denied.

Claimant is not a bona fide purchaser for fair market value.  In criminal forfeiture cases, courts have interpreted the bona fide purchaser provision to have the meaning it would have in commercial law. *See* 1997 House Report at 32, DOJ Extract at 245 ("the term 'bona fide purchaser' is derived from commercial law.  It includes any person who gives money, goods or services in

_____

[5]Claimant seems to conflate the standing requirements of § 853(n)(2) with the requirements to prevail set forth in § 853(n)(6) when he argues that even parties who are not legal title holders, should be heard [DE #487, p. 10].  Claimant has tacitly been accorded standing to attempt to contest the forfeiture, by this Court, and has had a hearing as contemplated by § 853(n)(4) and (5).

exchange for the property subject to forfeiture, but it does not include general creditors who acquire only a debt."); *United States v. BCCI Holdings (Luxembourg) S.A. (In re Petitions of Trade Creditors)*, 833 F. Supp. 22, 28 (D.D.C. 1993), *aff'd*, 48 F.3d 551 (D.C. Cir. 1995)(the bona fide purchaser provision "does not apply to all arms' length transactions, but only to those transactions involving the purchase of tangible property.)"

To be a "purchaser," the claimant must give something of value in exchange for the property interest. *See* 1997 House Report at 32, DOJ Extract at 245 ("a 'bona fide purchaser' must give something of value in exchange for the property"); *United States v. BCCI Holdings (Luxembourg) S.A. (Final Order of Forfeiture and Disbursement)*, 69 F. Supp.2d 36 (D.D.C. 1999)(judgment creditor who obtains a lien on defendant's property is not a bona fide purchaser because he gave nothing of value in exchange for the lien, irrespective of how the antecedent debt came into existence). Webster's II New Riverside University dictionary defines a "buyer" as "one that buys" and "buy" is defined as "[t]o acquire in exchange for money or its equivalent."

Claimant did not purchase the forfeited properties and he is not a subsequent purchaser of the *defendant's* (emphasis added) interest in the forfeited assets. *See United States v. Soreide,* 461 F.3d. at 1356, citing cases ((n)(6)(B) protects subsequent purchasers of the *defendant's* interest in an asset). Claimant cannot prevail as a bona fide purchaser for value of the forfeited properties.

Claimant also did not "secure" or otherwise perfect his purported interest in the property until March 17, 2009 when the claim of lien was recorded [DE #436, p. 14]. Until a person perfects a lien, he is merely an unsecured creditor with no interest in a particular asset. *United States v. McCorkle*, 143 F.Supp.2d 1311, 1322-23 (M.D. Fla. 2001)(judgment creditor who did not reduce judgment to lien on a specific asset was simply an unsecured creditor). To allow claimant status as a bona fide

purchaser for value, would, in effect, turn this Court into a bankruptcy court and prevent any forfeiture order from becoming final.  *See United States v. Watkins*,  320 F.3d 1279, 1283 (11th Cir. 2003)(" were we to hold otherwise [that general creditors can be bona fide purchasers for value], courts adjudicating forfeiture actions 'would be converted into a bankruptcy court[s] and would not be able to grant forfeiture to the government until [they] determined that no general creditor would be unable to satisfy its claim against the defendant...").

Furthermore, claimant was on notice that the properties were forfeitable, at least by virtue of the previously entered Preliminary Order of Forfeiture, which was entered February 27, 2009. Additionally, claimant could reasonably have been on notice prior to the time he "secured" his claim of lien: the properties were noted as being subject to forfeiture in the Indictment [DE #4] and Superseding Indictment [De #140].  In addition, notices of lis pendens were filed on the properties [DE ## 16, 17] and were recorded in mid-January, 2008.  Claimant was not reasonably without notice of the forfeitability of the properties at the time he recorded the agreement.

**D.**     **The Remedial Purpose Of § 853 Is Not Met By Ignoring The Explicit Statutory Language Of The Section**

While claimant correctly notes that 21 U.S.C. § 853(o), requires that "[t]he provisions of this section shall be liberally construed to effectuate its remedial purposes" [DE #487, pp. 9-11], no such construction is necessary.  The statute is explicit: there are only two provisions through which a third party can cause the Court to amend its forfeiture order – 21 U.S.C. § 853(n)(6)(A) and (n)(6)(B). *United States v. Soreide*, 461 F.3d 1351, 1354 (11th Cir. 2006).

-10-

## CONCLUSION

For reasons set forth above, and based upon the Court's review of the record, and consideration of the submissions of counsel, the undersigned respectfully

RECOMMENDS as follows:

1. That the claim of OMAR BAKOS,   AS STUTTGART COLLISION INC.'S LAST OFFICER, DIRECTOR AND AGENT, be denied;

2. That the Court not modify its previously entered Preliminary Order of Forfeiture.

The parties have ten (10) days from the date of the Report and Recommendation within which to file written objections, if any, with United States District Judge Joan A. Lenard.  *See* 28 U.S.C. § 636 (1991).  Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein.  *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir.), *cert denied*, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 22nd day of January, 2010.

_Barry L. Garber_

BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE